1          IN THE DISTRICT COURT OF LINCOLN COUNTY, NEBRASKA

2    STATE OF NEBRASKA,            )
                                   )
3                 Plaintiff,       )  Case No. CR07-193
                                   )
4          vs.                     )
                                   )
5    TERRY BALDWIN,                )  BILL OF EXCEPTIONS
                                   )  Volume 1 of 1
6                 Defendant.       )  (Pgs. 1-31, incl.)

7          Proceedings held before the HONORABLE DONALD

8    E. ROWLANDS, District Judge, on October 1, 2007,

9    October 2, 2007, and December 3, 2007, in the District

10   Courtroom, Third Floor, Lincoln County Courthouse,

11   North Platte, Nebraska.

                                        FILED
                                        12:30 PM

12
                                        JAN 0 2 2008
13        FILED
                                        Debra McCarthy
14     MAR 13 2008                       CLERK OF DISTRICT COURT

15         CLERK
       NEBRASKA SUPREME COURT
         COURT OF APPEALS
16                      A P P E A R A N C E S

17   For the State:           Rebecca R. Harling, Chief
                              Deputy County Attorney
18                            Lincoln County Courthouse
                              North Platte, NE 69101
19
     For the Defendant:       Amanda Speichert
20                            Public Defender's Office
                              P. O. Box 906
21                            North Platte, NE 69103-0906

22

23

24

25

                  COLLEEN J. WHITE, OCR, RPR
          LINCOLN COUNTY COURTHOUSE, P. O. BOX 1616
             NORTH PLATTE, NEBRASKA 69103-1616

```
1                    C E R T I F I C A T E

2      STATE OF NEBRASKA   )
                           ) ss.
3      COUNTY OF LINCOLN   )

4              I, Colleen J. White, Official Court Reporter

5      in the District Court of Nebraska for the Eleventh

6      Judicial District, do hereby certify that the within

7      and following bill of exceptions is correct and

8      complete and contains all matters required to be

9      included pursuant to the Order of the Court filed on

10     December 13, 2007, and the rules of the Supreme Court

11     of the State of Nebraska; that said bill of exceptions

12     consists of:

13             Volume 1 - Proceedings (Pgs. 1-31, incl.)

14             that the cost of said bill of exceptions is

15     $85.25, an amount permitted to be charged by Section

16     25-1140.09, Reissue 1989, as amended.

17             Dated this 19th of December, 2007.

18

19                          Colleen J. White RPR
                            Official Court Reporter
20

21

22

23

24

25
```

```
 1                         I N D E X

 2                                                      PAGE

 3     HEARING OF OCTOBER 1, 2007                          4

 4     HEARING OF OCTOBER 2, 2007                          8

 5     HEARING OF DECEMBER 3, 2007                        16

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              (The following proceedings were held on the
 2   1st day of October, 2007, in open court:)
 3              THE COURT:  State of Nebraska versus Terry
 4   Baldwin, CR07-193.  The State, again, will be
 5   represented by County Attorney, Jeff Meyer; Chief
 6   Deputy County Attorney, Rebecca Harling; and Deputy
 7   County Attorney, Todd Engleman.  The defendant is
 8   present and represented by Amanda Speichert.
 9              Ms. Speichert, what's going to be your
10   intended plea?
11              MS. SPEICHERT:  Not guilty, Your Honor.
12              THE COURT:  Your true and correct name is
13   Terry Baldwin, B-a-l-d-w-i-n?
14              THE DEFENDANT:  Yes, sir.
15              THE COURT:  What is your age?
16              THE DEFENDANT:  36.
17              THE COURT:  Mr. Baldwin, the State has
18   charged you with two counts of first degree sexual
19   assault of a child.  Both of those would be Class II
20   felonies.  Do you understand the charges?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Would you like those charges read
23   to you by the County Attorney's Office, or would you
24   waive a formal reading?
25              THE DEFENDANT:  Waive.
```

```
 1              THE COURT:  As with each of the prior
 2  defendants here this afternoon, you can wait 24 hours
 3  before entering a plea in this case, or you may waive
 4  that right.  Do you wish to waive that right?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  And did you previously
 7  voluntarily waive a preliminary hearing in front
 8  County Judge Kent Turnbull on August 9th of 2007?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  To both charges, how do you wish
11  to plead, guilty or not guilty?
12              THE DEFENDANT:  Not guilty.
13              THE COURT:  And Ms. Speichert, how would you
14  like this scheduled?
15              MS. SPEICHERT:  Well, Your Honor, can we
16  approach the bench?
17              THE COURT:  Yes.
18              (Brief discussion was held off the record.)
19              THE COURT:  All right.  Mr. Baldwin, your
20  attorney and the County Attorney's Office have advised
21  me that they are very close to perhaps reaching a
22  settlement in this case, although it is dependent upon
23  talking to your federal public defender.  As I
24  understand it, you have federal charges pending
25  against you as well, so I'm going to order that you be
```

1    held here for at least the next two days, through

2    Wednesday, October 3rd, at 5 p.m.

3           If your attorneys can reach an agreement with

4    the federal authorities and with the Lincoln County

5    Attorney's Office, then we can perhaps take a plea

6    either tomorow or Wednesday.  So we won't set a trial

7    date at this point, and I'll just have the bailiff put

8    the matter back on the calendar for some time in the

9    next two days.  We will work you in, if that can be

10   arranged.

11          MS. HARLING:  Could we set it for Wednesday

12   noon?

13          MS. SPEICHERT:  There is no way we can do it

14   over the noon hour.

15          MS. HARLING:  How about Tuesday?

16          THE COURT:  We have a 1:30.  Could you do it

17   at 12 or 1 tomorrow?

18          MS. SPEICHERT:  Any time tomorrow.

19          THE COURT:  Let's have the bailiff put the

20   matter back on at 1:00 tomorrow and see if we can

21   handle the matter then.

22          Mr. Baldwin, your attorney will advise you

23   what she learns from your federal public defender

24   after she and Ms. Harling have a telephone conference

25   later this afternoon.  I'll remand you back to the

1    custody of the Sheriff's Office.

2              (End of proceedings.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              (The following proceedings were held on the
 2    2nd day of October, 2007, in open court:)
 3              THE COURT:  Good afternoon.  The next case
 4    that is ready for hearing is State of Nebraska versus
 5    Terry Baldwin, Case CR07-193.  The record will reflect
 6    that the State appears through Chief Deputy County
 7    Attorney, Rebecca Harling.  The defendant is present
 8    in person and represented by Amanda Speichert.
 9              Ms. Speichert, the Court has been informed
10    that you and the County Attorney's Office have reached
11    an agreement.  Did you wish to state that agreement
12    for the record?
13              MS. SPEICHERT:  That's correct, Your Honor.
14    At this time we are going to be entering a plea of
15    guilty to Count 1.  They will be dismissing Count 2.
16              THE COURT:  Ms. Harling, is that your
17    understanding of the agreement?
18              MS. HARLING:  It is.
19              THE COURT:  And has the State agreed to make
20    any type of a recommendation at sentencing?
21              MS. HARLING:  No.
22              THE COURT:  Your true and correct name is
23    Terry Baldwin, and your last name is spelled
24    B-a-l-d-w-i-n; is that correct?
25              THE DEFENDANT:  Yes.
```

1        THE COURT:  You are the same person who was

2   in this court yesterday; is that right?

3        THE DEFENDANT:  Yes.

4        THE COURT:  Mr. Baldwin, the State filed an

5   Information against you charging you with two counts

6   of first degree sexual assault of a child.  Each of

7   those are Class II felonies.  It's my understanding

8   that the State is going to dismiss Count 2 upon your

9   entering a plea to Count 1.  Is that your

10  understanding of the agreement?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  And do you understand that the

13  Court is not bound to any particular sentence by

14  virtue of the agreement?

15       THE DEFENDANT:  Yes, sir.

16       THE COURT:  All right.  Please listen then

17  while the County Attorney reads the Information, Count

18  1 only.

19       (The Amended Information was read in open

20  court.)

21       THE COURT:  Mr. Baldwin, did you hear the

22  Information as read to you?

23       THE DEFENDANT:  Yes, sir.

24       THE COURT:  Did you understand it?

25       THE DEFENDANT:  Yes, sir.

1      THE COURT:  Before accepting any plea, I want

2  to make sure that you understand a number of things.

3  First of all, a Class II felony carries a maximum of

4  50 years in prison.  The minimum penalty is one year

5  in prison.  Additionally, you will be ordered to

6  register as a convicted sex offender for a period of

7  at least ten years following your release from any

8  incarceration.  Do you understand that?

9      THE DEFENDANT:  Yes.

10      THE COURT:  You are entitled to a speedy and

11  public trial by a 12-person jury.  The State is

12  required to prove your guilt to the unanimous

13  satisfaction of that jury beyond a reasonable doubt.

14  Or if you wish, you can waive a jury trial and try the

15  case to the Court.

16      In either event, the State is required to

17  prove your guilt beyond a reasonable doubt.  You are

18  presumed to be innocent, and that is evidence in your

19  favor unless and until the State proves you guilty

20  beyond a reasonable doubt.

21      You have the right to see and confront your

22  accusers, and your attorney will cross-examine on your

23  behalf anyone who testifies against you.  You have the

24  right to use the subpoena power of the Court to compel

25  the attendance of any witnesses or the production of

1   any documents that would be favorable to you.

2         You have the right to remain silent, and if

3   you exercise that right, it will not be held against

4   you in any way.  Or if you wish, you can give up your

5   right to remain silent and testify in your own

6   defense.

7         However, if you testify in your own defense,

8   you are subject to cross-examination by the County

9   Attorney.  And you have the right to be represented

10  throughout these proceedings by an attorney of your

11  own choosing, but if you are indigent, a

12  Count-appointed attorney will represent you throughout

13  the proceedings at no cost.  Do you understand all of

14  those rights?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  Do you understand that if you

17  enter a plea today, you will be waiving all of those

18  rights except your right to be represented by your

19  attorney at the time of the sentencing?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  To the charge then in Count 1,

22  first degree sexual assault of a child, a Class II

23  felony, how do you wish to plead?

24        THE DEFENDANT:  Guilty.

25        THE COURT:  Are you entering your plea of

1    guilty voluntarily of your own free will?

2                THE DEFENDANT:  Yes.

3                THE COURT:  Has anyone threatened, pressured

4    or coerced you in any way to get you to enter this

5    plea?

6                THE DEFENDANT:  No.

7                THE COURT:  I know you have been meeting with

8    your attorney since about noon today.  It's about

9    1:45.  Do you feel you have had an adequate

10   opportunity to confer with your attorney before

11   entering this plea?

12               THE DEFENDANT:  Yes.

13               THE COURT:  And has anyone promised you what

14   sentence you will receive when you come back to this

15   Court for sentencing?

16               THE DEFENDANT:  No.

17               THE COURT:  Please listen while Ms. Harling

18   reads a factual basis given to me.

19               MS. HARLING:  Your Honor, on or about

20   February 1st, 2003, the defendant, whose date of birth

21   is November 16, 1970, resided with his stepson, whose

22   date of birth is February 21st, 1990.  During the time

23   they were residing together in Hershey, Mr. Baldwin

24   had sexual relations with the victim and had sexual

25   penetration of the victim which, in fact, was

1  photographed.  All of those events occurred in Lincoln

2  County, Nebraska.

3          THE COURT:  And how old was the victim, Ms.

4  Harling?

5          MS. HARLING:  I'm sorry, Your Honor.  His

6  date of birth is February 21st, 1990, and this

7  occurred in 2003.

8          THE COURT:  Mr. Baldwin, you have heard the

9  factual basis as given to me by the County Attorney.

10  Is that substantially what happened?

11          THE DEFENDANT:  Yes.

12          THE COURT:  I'll accept your plea then.  I'll

13  find that the same has been made knowingly,

14  voluntarily and intelligently; that there is a factual

15  basis for the same, and I'll find you guilty under

16  Count 1 of the Information of first degree sexual

17  assault of a child, a Class II felony.  I will at this

18  time, pursuant to the plea agreement between counsel,

19  dismiss Count 2.

20          Mr. Baldwin, I'm going to order a Type 1

21  presentence investigation to be completed by District

22  9 Probation.  Is it my understanding that you are

23  currently being housed in Dawson County?

24          THE DEFENDANT:  That's correct.

25          THE COURT:  And you are awaiting trial on

1    federal charges as well?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  All right.  I'm going to leave it

4    up to the probation office here if they want to do the

5    presentence investigation from the North Platte

6    office, or whether they want to assign that to the

7    Lexington office, but I will have my bailiff contact

8    the probation office yet this afternoon, advise them

9    to start on the presentence investigation process, and

10   you will probably hear from a probation office either

11   tomorrow or the next day.

12        You should visit with your attorney about

13   whether you wish to make any types of statements for

14   purposes of the presentence investigation.

15        Ms. Harling, you had indicated it would

16   probably take about six weeks for the probation office

17   to complete the presentence investigation?

18        MS. HARLING:  Yes.  There are victims and

19   witnesses both in this area and in Utah that may be

20   needed to be contacted as well as needing to get some

21   photographic images to the probation office, so I'm

22   guessing it probably will take 45 days.

23        THE COURT:  Ms. Speichert, any objection if

24   we would set it about 45 days out?

25        MS. SPEICHERT:  No, Your Honor.

1        THE COURT:  Off the record to discuss
2    scheduling with the bailiff.
3            (Brief discussion was held off the record.)
4        THE COURT:  Back on the record.  Mr. Baldwin,
5    we will set your sentencing then for Monday, November
6    19, 2007, at 1:30 p.m., and I will remand you then
7    back to the custody of the Sheriff's Office pending
8    your sentencing.
9        Ms. Speichert, anything further that you wish
10   to do on this case today?
11       MS. SPEICHERT:  Not at this time, Your Honor.
12       THE COURT:  How about from the State?
13       MS. HARLING:  No, Your Honor.
14       THE COURT:  I want to thank the Sheriff's
15   Office for coming over and spending several hours with
16   us this afternoon, and you may take the defendant then
17   and transport him back to Lexington.
18           (End of proceedings.)
19
20
21
22
23
24
25

1   (The following proceedings were held on the

2   3rd day of December, 2007, in open court:)

3   THE COURT:  Good afternoon.  The next case

4   that comes on for hearing is State of Nebraska versus

5   Terry Baldwin, Case No. CR07-193.  The State will be

6   represented by County Attorney Jeff Meyer and Chief

7   Deputy County Attorney, Rebecca Harling.  The

8   defendant is present in person and represented by

9   Amanda Speichert.

10  Before we inquire of the probation office and

11  counsel as to any comments on the case or additions or

12  corrections to the presentence investigation, Mr.

13  Baldwin, you have filed with this Court, I believe,

14  two matters.  Number one, you have sent to me a letter

15  dated November 23 of 2007, complaining about the fact

16  that you have not had a lot of contact with your

17  attorney since you were moved to Lexington, Nebraska,

18  for safekeeping in this case.

19  And then secondly, you did on November 28th

20  of 2007 file with this court a motion to dismiss your

21  current counsel and appoint new counsel.  First of

22  all, I need to know what your position is today, if

23  you are ready for sentencing, or if you wish the Court

24  to consider removing your current counsel and

25  appointing new counsel to represent you.

1          THE DEFENDANT:  I'll just go on with

2   sentencing, Your Honor.

3          THE COURT:  And so you are withdrawing then

4   your motion to dismiss your current counsel and

5   appoint new counsel that was dated November 28th of

6   2007?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Okay.  All right.  Before we go

9   through the sentencing processes then, let me ask the

10  probation office.  Mr. Martin Beyer is here from

11  District 9 Probation.  Jan Johannsen completed the

12  presentence investigation.  Mr. Beyer, does your

13  office have any additions or corrections to the

14  presentence?

15         MR. BEYER:  Not that I'm aware of, Your

16  Honor.

17         THE COURT:  The record should reflect that

18  last week, I believe, it was either Wednesday or

19  Thursday, the Court did hold a telephone conference

20  with Ms. Speichert and Ms. Harling.  Ms. Speichert had

21  come over to the courthouse and had asked for

22  permission to review the presentence investigation.

23         Upon review of the presentence investigation,

24  Ms. Speichert noticed that there was a deposition

25  included within the presentence investigation.  And

1    I'm just going to refer to the initials of JB, and

2    those charges which revolved around that particular

3    individual were dismissed as part of the plea

4    agreement.

5          And that deposition starts in the presentence

6    investigation at page 78 and ran through page 85.  Ms.

7    Speichert, you indicated during the telephone

8    conference that you felt that that deposition should

9    be removed from the presentence investigation because

10   it was irrelevant to the case.

11         MS. SPEICHERT:  That was correct, Your Honor.

12         THE COURT:  And Ms. Harling, I believe at the

13   time of our telephone conference you indicated that

14   you felt Ms. Speichert was correct and that that

15   should be removed from the presentence investigation.

16         MS. HARLING:  Yes, Your Honor.

17         THE COURT:  I will order then that the

18   deposition of JB be removed from the presentence

19   investigation.  And as previously stated, that would

20   be pages 78 through 85, inclusive.

21         During that same telephone conference, Ms.

22   Harling indicated that if that deposition were to be

23   removed from the presentence investigation, she felt

24   that the deposition -- and I will refer again to just

25   the BW, who is the actual victim in this particular

```
 1    case where a plea was entered -- that that deposition
 2    should be made part of the presentence investigation;
 3    is that correct, Ms. Harling?
 4            MS. HARLING:  Yes, Your Honor.  And just so
 5    the Court is aware for probation purposes, probation
 6    did not have a copy of that deposition because we
 7    didn't either.  That deposition was taken months ago,
 8    but the court reporter just got it to us in the last
 9    week, week and a half, so it was always the intention,
10    I think, of all parties, that that deposition be in
11    the presentence investigation.  It's just it took
12    quite a long time to get here.
13            THE COURT:  And so you are moving, Ms.
14    Harling, that that be made part of the presentence?
15            MS. HARLING:  Yes, Your Honor.  And I'm sorry
16    to interrupt.  The pictures that were provided to the
17    Court, I guess, I would ask that those be placed in
18    the sealed search warrant file to be, obviously,
19    viewed by the Court and used for purposes of
20    sentencing, but sealed so that they cannot be observed
21    by any other parties.
22            THE COURT:  And those were deposition
23    exhibits in the deposition of BW; is that right?
24            MS. HARLING:  Correct.
25            THE COURT:  And Ms. Speichert, any objection
```

1    to that procedure?

2          MS. SPEICHERT:  No, Your Honor.

3          THE COURT:  I will order then that the

4    deposition of BW be included in the presentence

5    investigation, and a copy is currently available, Mr.

6    Beyer, so you can put that back in the presentence

7    investigation.

8          And then the photos which were identified as

9    Exhibits 8, 9, 10, 11, 12, and 7, which were part of

10   that deposition, will be placed into the search

11   warrant file, CR07-4, and placed into an envelope

12   which is sealed and will continue to remain sealed

13   then and not be opened then without further permission

14   of the Court.

15         All right.  Ms. Harling, with those

16   insertions then, did your office have any additions or

17   corrections?

18         MS. HARLING:  No, Your Honor.

19         THE COURT:  And Ms. Speichert, any additions

20   or corrections that you felt should be in the

21   presentence investigation?

22         MS. SPEICHERT:  Well, Your Honor, I guess, if

23   I may first address -- my client has asked if he can

24   withdraw his plea just for the purposes of entering a

25   no contest rather than a guilty -- if you remember

1    that situation surrounding the entry of the plea -- so

2    he is just asking the Court if he could do that.  And

3    then, I guess, we have an argument on the basis of the

4    presentence investigation.

5         I have spoken to Mr. Baldwin.  He informed me

6    he is still concerned with the nature of the

7    questioning and things that occurred during the

8    presentence as to the alleged victim, that he did not

9    plead to, that was the main issue surrounding his

10   investigation, and he felt that the officer who did

11   the presentence investigation was biased and would not

12   question him concerning the case that he pled to.  He

13   is not asking to withdraw his plea or anything like

14   that for those purposes except for he is asking the

15   Court to maybe order someone else to do an updated

16   presentence, not being the person that did this one

17   because of that situation.

18        MS. HARLING:  Your Honor, could we approach?

19        THE COURT:  You may.

20        (Brief discussion was held off the record.)

21        THE COURT:  Ms. Harling, for the record, you

22   are objecting to the withdrawal of the guilty plea and

23   entry of a plea of a no contest plea; is that correct?

24        MS. HARLING:  Your Honor, at this point,

25   given that Mr. Baldwin at every turn seems to have a

```
 1    problem with the presentence investigation, seems to

 2    have a problem with the plea, seems to have a problem

 3    with absolutely every part of the process, it's my

 4    intention if he doesn't stay with the plea and be

 5    sentenced today, that I'll file an Amended Information

 6    with 27 counts, nine counts of first degree sexual

 7    assault, nine counts of incest and nine counts of

 8    felony child abuse; because what he is doing and has

 9    been doing all along, is putting the -- continuing to

10    put the victims through a lot of heartache.  And at

11    this point, I think he is not sufficiently agreeing to

12    any part of the process and putting Ms. Speichert in

13    an untenable situation as well.

14           THE COURT:  Ms. Speichert, any comments?

15           MS. SPEICHERT:  I guess, I understand the

16    concerns that the State has; and as you are well

17    aware, this has been a very difficult process.  I know

18    Mr. Baldwin has concerns.  We have voiced those

19    concerns in the presentence investigation.  I think he

20    is entitled to a fair presentence investigation, and

21    at this point, he does not feel that was done.

22           As for the purpose of the entry -- of

23    withdrawing his plea and entering a no contest, that

24    was an option that we had discussed at the -- when we

25    entered his original plea of guilty because he felt he
```

1   needed some more time, but because of transport

2   reasons, that was my understanding.  As you are well

3   aware, he has filed many motions to have his counsel

4   removed and changed, and that things have not gone the

5   way he feels they should have.

6          So at this point, I guess, I don't know what

7   else to say.  Those are his arguments for that -- for

8   the purposes of today.  Depending on what the Court

9   wants to do, if they decide we need to go forward, we

10  would make an argument for sentencing, but at this

11  time he is asking that a new presentence investigation

12  be done.

13         THE COURT:  And as I recall, Ms. Speichert,

14  when your client entered his guilty plea on October

15  2nd of 2007, he was advised that he would have two

16  weeks to reconsider the issue, and if he did not

17  withdraw his plea, then it would be considered a final

18  plea and a presentence investigation would proceed; is

19  that your understanding?

20         MS. SPEICHERT:  That's correct.  There was a

21  little more time than that because of some other

22  matters that happened right after that, so we had to

23  put everything on hold until we received a notice on

24  some other situations.  Once that was done, a letter

25  was sent to him and he responded to me.

```
 1           THE COURT:  Mr. Baldwin, whether the Court
 2   will accept a no contest plea to a charge is
 3   discretionary with the Court.  Based upon what I heard
 4   today, I am not going to allow you to withdraw your
 5   guilty plea and enter a no contest plea.
 6           And so I need to know from you at this point
 7   whether you are prepared to proceed with sentencing,
 8   or whether you wish to entirely withdraw your plea, in
 9   which case the County Attorney's Office has advised me
10   that they will be immediately filing an Amended
11   Information charging you with multiple new counts, and
12   the plea agreement which was entered into on October
13   2nd of 2007, would be withdrawn by the County
14   Attorney.
15           THE DEFENDANT:  Just continue with the
16   sentencing.
17           THE COURT:  Go with the sentencing?
18           THE DEFENDANT:  Yes.
19           THE COURT:  All right.  We will continue then
20   with the sentencing.
21           Ms. Harling, again, for the record, with
22   those new matters in the presentence investigation and
23   deletion of the one deposition, did you have anything
24   further you wanted to put in the presentence
25   investigation?
```

| | |
|---|---|
| 1 | MS. HARLING:  No, Your Honor. |
| 2 | THE COURT:  And Ms. Speichert, you have had a |
| 3 | chance to review the presentence investigation? |
| 4 | MS. SPEICHERT:  I'm sorry.  I'm sorry.  I |
| 5 | didn't hear. |
| 6 | THE COURT:  You have had a chance to review |
| 7 | the presentence investigation both last week and again |
| 8 | today? |
| 9 | MS. SPEICHERT:  Yes, Your Honor. |
| 10 | THE COURT:  And you also reviewed the search |
| 11 | warrant file, CR07-4? |
| 12 | MS. SPEICHERT:  Yes, Your Honor. |
| 13 | THE COURT:  Any additions or corrections that |
| 14 | you would like to place in the presentence |
| 15 | investigation? |
| 16 | MS. SPEICHERT:  I guess at this time we would |
| 17 | just ask that it be modified due to the fact that the |
| 18 | information contained involves information concerning |
| 19 | a victim that he is not charged with. |
| 20 | THE COURT:  I'm going to deny the request for |
| 21 | a supplemental presentence investigation.  Obviously, |
| 22 | there were several minors involved in this particular |
| 23 | case.  I have attempted to extract from the |
| 24 | presentence anything that was just allegedly done by |
| 25 | the defendant to an alleged victim on the count that |

1    was dismissed, but there are overlapping issues here

2    with reference to photographs and situations involving

3    several children, and so I didn't see anything in the

4    presentence investigation that I felt was unfair or

5    biased on the part of the probation officer, Jan

6    Johannsen, so I'm ready to proceed then with

7    sentencing.

8         Ms. Harling, what's the State's

9    recommendation on sentencing?

10        MS. HARLING:  Your Honor, on this case I'd

11   ask for a maximum sentence.  I'd ask for 50 to 50

12   years in the penitentiary.  I'm asking for that

13   because this man destroyed the childhood of his

14   stepson.  His stepson, a person who he was supposed to

15   protect, he sexually abused and photographed, and that

16   stepson now bears the burden of that for life.  He

17   also bears the burden of the fact that those

18   photographs are out there, and that they were put on

19   the Internet, and that those may come to haunt him for

20   years to come.

21        What I also find terribly concerning is Mr.

22   Baldwin's lack of compassion and lack of

23   accountability for what he did in this case.

24   Throughout, he has not made any efforts to make any

25   apologies to anyone, and he has done irreparable harm

```
 1   to a boy, and he has taken no responsibility for that.

 2   And I think anything short of the maximum sentence

 3   tells Mr. Baldwin that his behavior was not as

 4   horrendous and horrific as it truly was.

 5          THE COURT:  Thank you, Ms. Harling.  Ms.

 6   Speichert?

 7          MS. SPEICHERT:  Well, Your Honor, we would

 8   ask the Court to take into consideration the fact that

 9   he did save the Court the time and expense of trial

10   and did save the victims the agony of testifying in

11   front of a jury and so forth in this matter.

12          This is the only -- he doesn't have much of a

13   criminal record.  There's a couple bad checks and a

14   criminal mischief charge.  There's no other felonies.

15   There's no other violent crimes that Mr. Baldwin has

16   committed prior to this incident.  There's no other

17   crimes dealing with sexual assault, child abuse or

18   anything of that nature.

19          This was a one-time offense on this.  During

20   the time that's presented in the presentence

21   investigation, he had an issue with alcohol.  A lot of

22   what happened, he doesn't remember.  He understands

23   that this is a serious charge, and that some serious

24   things had occurred and he is willing to take

25   responsibility for that; and that's why he entered his
```

```
 1    plea, but he also does not remember a lot of what
 2    happened; and that's why the situation has been
 3    difficult for Mr. Baldwin.
 4            And because of the alcoholism that he had
 5    suffered for during the time period of these
 6    occurring, he would ask the Court to take those things
 7    into consideration and not award the maximum sentence,
 8    as this is a -- basically, a first offense on any type
 9    of sexual assault issue.
10            He is also willing to do any type of therapy,
11    counseling, anything that the Court would order
12    because he -- just like I think everyone in this case
13    -- would like to know why it occurred and why it
14    happened and would like to be able to take
15    responsibility for that so it doesn't ever happen
16    again.
17            THE COURT:  Thank you, Ms. Speichert.  Mr.
18    Baldwin, you have been found guilty of first degree
19    sexual assault of a child, a Class II felony.  Is
20    there anything which you wish to say in your own
21    behalf before I impose sentence?
22            THE DEFENDANT:  Just that I am sorry for
23    everything, all the embarrassment, the harm that I
24    have caused everybody in the case, inconveniencing
25    everybody, and I take full responsibility for
```

1    everything.

2          THE COURT:  Mr. Baldwin, the presentence

3    investigation indicates that you are 37 years of age,

4    divorced, one dependent.  You do have a high school

5    education.

6          I am giving you credit for the fact that you

7    did enter a plea, which did save the State as well as

8    the victim the time, expense and trauma of testifying

9    in this case.

10          As your attorney has pointed out, you do have

11    a minimal prior record.  I see in 1991 a criminal

12    mischief case where you apparently damaged some

13    property.  You were placed on probation for that

14    offense.  And then in 2004, you had an open container,

15    which resulted in a $50 fine.  That's a fairly minor

16    prior record for most of the people who come before me

17    for sentencing.

18          Mr. Baldwin, you do need to understand that,

19    in the Court's opinion, this is the worst case of

20    child exploitation that I have seen since I have been

21    on the bench, and I have been on the bench for more

22    than 21 years.

23          Not only did you sexually assault your

24    stepson, but by placing those photos onto the

25    Internet, I agree with Ms. Harling that the damage to

1    the victim is irreparable and may come back to haunt

2    the victim for the remainder of his life.

3         It also shows a certain cavalier attitude on

4    your behalf that you viewed this as something that you

5    were doing strictly for your own pleasure or for the

6    pleasure of other people who either enjoy viewing

7    child pornography or enjoy sexually assaulting minors,

8    and this conduct just cannot be tolerated.

9         I'm not going to give you the maximum

10   sentence on the bottom end primarily because of your

11   plea and your lack of prior record, but I agree with

12   Ms. Harling that a top end sentence at the maximum is

13   appropriate under the circumstances.

14        So it would be the judgment of this Court

15   that you be sentenced to the Nebraska Department of

16   Correctional Services for a period of not less than 25

17   nor more than 50 years.  I will give you credit for

18   326 days which you have already served.  All of that

19   will be eligible for good time, as I did not see any

20   disciplinary reports in the presentence investigation.

21        You will be ordered to register as a

22   convicted sex offender for a period of ten years

23   following your release from incarceration.  And

24   because of the lengthy penitentiary sentence, I will

25   find that costs and restitution in this case would be

1   waived.

2           Ms. Harling, you will be preparing the

3   journal.  Did you have any questions?

4           MS. HARLING:  No, Your Honor.

5           THE COURT:  And Ms. Speichert, any questions?

6           MS. SPEICHERT:  No, Your Honor.

7           THE COURT:  I'll remand the defendant then to

8   the Sheriff's Office for transportation -- I'm not

9   sure whether the defendant goes back into federal

10  custody or is merely transferred to the state

11  penitentiary.

12          And again, I am at this time then turning

13  over to the Clerk the photographs from the deposition,

14  and they will be placed in an envelope in CR07-4 and

15  permanently sealed.

16          (End of proceedings.)

17

18

19

20

21

22

23

24

25